# UNITED STATES DISTRICT COURT
# IN THE NORTHERN DISTRICT OF
# INDIANA

| | |
|---|---|
| **KELLY BLAIR** ) | |
| ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| **V.** ) | **CAUSE NO.** |
| ) | |
| ) | |
| ) | |
| **L3HARRIS TECHNOLOGIES INC.,** ) | |
| **L3HARRIS TECHNOLOGIES INC.** ) | |
| **PLAN ADMINISTRATOR** ) | |
| **(EMPLOYEE BENEFITS** ) | |
| **COMMITTEE),** ) | |
| **METROPOLITAN LIFE INSURANCE** ) | |
| **COMPANY) OF AMERICA,** ) | |
| **MET LIFE DISABILITY,** ) | |
| ) | |
| **DEFENDANTS.** ) | |

# COMPLAINT

I.          **Parties, Jurisdiction, and Venue**

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq. The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Kelly Blair brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. §1132 et seq. Plaintiff also seeks penalties pursuant to 29 U.S.C. §1132 et seq. based upon Defendants' failure to timely supply requested documentation.

2. Plaintiff, Kelly Blair, is a resident of Allen County, Indiana and a citizen of the State of Indiana who worked for the employer mentioned below.

3. Defendant, L3Harris Technologies Inc. (hereinafter referred to as the "Employer") is believed to be a business incorporated under the laws of the State of Delaware with its principal place of business located at 1025 West NASA Boulevard, Melbourne, Florida 32919 and whose registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808. It is believed that this Defendant

conducts business throughout the United States, including in the Northern District of Indiana where Plaintiff resides and at pertinent times herein employed Plaintiff.

4. Defendant L3Harris Technologies Inc. Long Term Disability Plan Administrator, L3Harris Employee Benefits Committee, (hereinafter referred to as the "Plan Administrator") provided Long Term Disability Benefits to eligible employees that were denied to Plaintiff. The Plan Administrator's principal place of business is 1025 W NASA Blvd, Melbourne, FL 32919, and its registered agent is believed to be Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

5. Defendant, Metropolitan Life Insurance Company of America (hereinafter referred to as "Insurance Company") is believed to be a business incorporated under the laws of the State of Delaware with its principal place of business located at One MetLife Way, Whippany, NY 07987 and whose registered agent is The Corporation Trust Company with a service of process address listed 209 Orange Street, Wilmington, Delaware. It is believed that this Defendant conducts business throughout the United States, including in the Northern

District of Indiana where Plaintiff resides.

6. Defendant, MetLife Disability, is believed to be a business incorporated under the laws of the State of Delaware with its principal place of business located at One MetLife Way, Whippany, NY 07987 and whose registered agent is The Corporation Trust Company with a service of process address listed 209 Orange Street, Wilmington, Delaware.  It is believed that this Defendant conducts business throughout the United States, including in the Northern District of Indiana where Plaintiff resides.

7. Defendants are either jointly or singularly the plan holder, the insurance policy holder, the insurance company and/or issuer, and/or the administrator of the pertinent ERISA Plan <u>that</u> provided Long Term Disability Benefits that were denied to Plaintiff.

8. The Plan and/or Insurance Policy is an employee benefit plan made available to eligible employees by Employer and which delivered benefits to Plaintiff in the State of Indiana by mail and/or by electronic means.

9. Defendant Plan Administrator through the Long Term Disability

Plan and/or Defendant Insurance Company through an Insurance Policy (and/or other Defendants as applicable), promise(s) to pay long term disability benefits, and any other benefits contained in the Plan/Policy to Employer's employees if they are unable to work due to sickness or injury in accordance with the Plan/Policy.

10. Venue in the Northern District of Indiana is appropriate by virtue of Plaintiff's residence therein and by virtue of Defendants' contacts therein.

## II. Factual Allegations and Claims

11. Plaintiff incorporates Paragraphs 1 through 10 as if fully set forth.

12. Plaintiff worked as a software engineer for Employer.

13. Plaintiff's disability started April 4, 2022.

14. The incapacitating effects, symptoms, and sequalae of, myalgic encephalomyelitis, chronic fatigue syndrome, hypotension, brain fog, and other medical problems forced Plaintiff to stop working.

15. Plaintiff applied for Long Term Disability Benefits pursuant to the Plan/Policy.

16. Plaintiff then applied for long term disability benefits on or about April 4, 2022.

17. On or about June 27, 2023, the Plan and/or Insurance Company (and/or other Defendants as applicable) denied Plaintiff long term disability benefits.

18. On or about August 24, 2023, Plaintiff availed herself of the Plan/Policy's administrative process and timely appealed said determination.

19. On or about December 19, 2023, Defendants denied her administrative appeal, admitted that the matter was covered under the Employment Retirement Income Security Act of 1974, Public Law 93-406 (ERISA), advised Plaintiff of her right to bring a legal action under ERISA section 502 (a), and advised her of the plan statute of limitation of December 20, 2028.

20. Plaintiff has exhausted her administrative remedies, and the case is properly before the District Court.

21. Plaintiff has provided medical proof of her impairments and limitations from health care providers.

22. Defendants' decision to deny Plaintiff long term disability benefits contains logical flaws, defective medical reasoning, and other problems that demonstrate that said decision is not supported by substantial evidence.

23. Defendants refuse to pay her long term disability benefits.

24. As a result of the refusal to pay benefits, Plaintiff has suffered loss of past due benefits in the approximate amount of $190,401.12 (42 months times monthly benefit of $4,533.36, unadjusted for contractual inflationary increases) and will continue to suffer loss at the rate $4,533.36 per month for each month that Plaintiff is not paid monthly benefits in the future.

25. Unless Plaintiff's condition improves to the point where she is no longer qualifies as disabled under the plan/policy, monthly benefits would be payable up to age 65 or for approximately 401 more months (401 months times $4,533,36 equals $1,817,877.36)

26. Plaintiff remains unable to perform the material duties of her prior occupation or of any occupation for which she is, or may become, reasonably qualified based on her education, training or experience; and is unable to earn wages/salaries at a level that would disqualify her for

benefits.

27. Plaintiff provided the Defendants with ample evidence to establish her entitlement and continued eligibility to long term disability benefits pursuant to the Long Term Disability Plan/Policy.

28. Also, the Defendants have intentionally and without reasonable justification denied Plaintiff long term disability benefits due to her pursuant to the Long Term Disability Plan/Policy and ERISA.

29. On January 24, 2025, Plaintiff's counsel sent to Defendant Plan and to Defendant Insurance Company certified letters received by the Plan on February 4, 2025 and received by the Insurance Company on February 4, 2025 requesting:

> All documents governing the plan, including insurance contracts and collective bargaining agreements, and a copy of the latest annual report (form 5500 Series) available at the Public Disclosure Room of the Employee Benefits Security Administration.
>
> All documents governing the operation of the plan, including insurance contracts, collective bargaining agreements and copies of the latest annual report (form 5500 Series) and updated summary plan description.
>
> A summary of the plan's financial report.

30. The requested plan documents, 5500 series documents, and the financial

report have not yet been provided to Plaintiff.

31. Defendant Plan Administrator and/or Defendant Insurance Company should have to pay a penalty of $110 per day. 247 days have passed since February 4, 2025 up to October 9, 2025 for an approximate penalty of $ 27,170.00.

WHEREFORE, the Plaintiff, Kelly Blair, requests that this Honorable Court enter Judgment:

A. Finding that Plaintiff is entitled to long term disability benefits and to order the Defendants to pay the past due benefits;

B. Finding that Plaintiff is entitled to long term disability benefits and order the Defendants to pay future monthly benefits as they become due.

C. Finding that Plaintiff is entitled to any other benefits provided by said Plan/Policy.

D. Awarding the Plaintiff interest on the amount of back benefits which remain unpaid.

E.  Awarding the Plaintiff reasonable reimbursement for attorneys' fees and costs incurred as a result of the Defendants' wrongful denial of benefits.

F.  Awarding Penalties of $110/day since February 4, 2025 in the approximate amount of $ 27,170.00 pursuant to U.S.C. section 1132(c) based upon Defendants' failure to respond to Plaintiff's request for the plan documents, the 5500 series documents and the annual financial report.

G.  Awarding all other relief as may be just and appropriate.

Respectfully submitted,

 */s/*Randal S. Forbes
Randal S. Forbes, Esq
Forbes Rodman PC
P.O. Box 374
Angola, Indiana 46703
2601668-9830
2601665-1401 fax
randalforbes@forbesrodman.com